UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN DOE,

           Plaintiff,

       -against-

**SYRACUSE UNIVERSITY, SYRACUSE UNIVERSITY BOARD OF TRUSTEES, KENT SYVERUD,** in his individual capacity**, PAMELA PETER,** in her individual capacity**, SHEILA JOHNSON-WILLIS,** in her individual capacity**, and BERNERD JACOBSON,** in his individual capacity**,**

           Defendants.
-----------------------------------------------------------------X

**Civil Action No:** 5:18-CV-0377 (DNH/DEP)

## *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

The undersigned attorneys hereby move this Court to allow the Plaintiff in the above captioned action to proceed under the pseudonym John Doe for the reasons set forth in the attached Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order and the Declaration of Andrew T. Miltenberg, Esq. In Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order.

1

**Dated:** New York, New York
March 26, 2018

                                              Respectfully submitted,

                                              **NESENOFF & MILTENBERG, LLP**
                                              *Attorneys for Plaintiff*

                                              **By:** */s/ Andrew T. Miltenberg*
                                              **Andrew T. Miltenberg, Esq. (517014)**
                                              **Stuart Bernstein, Esq. (520831)**
                                              **Philip A. Byler, Esq. (520921)**
                                              **363 Seventh Avenue, Fifth Floor**
                                              **New York, New York 10001**
                                              **(212) 736-4500**
                                              amiltenberg@nmllplaw.com
                                              sbernstein@nmllplaw.com
                                              pbyler@nmllplaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
JOHN DOE,

                **Plaintiff,**

                -against-

**SYRACUSE UNIVERSITY, SYRACUSE UNIVERSITY BOARD OF TRUSTEES, KENT SYVERUD,** in his individual capacity, **PAMELA PETER,** in her individual capacity, **SHEILA JOHNSON-WILLIS,** in her individual capacity, **and BERNERD JACOBSON,** in his individual capacity,

                **Defendants.**
-----------------------------------------------------------------------X

**Civil Action No:**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

    Plaintiff, by his attorneys, Nesenoff & Miltenberg, LLP, hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the possibility of acts of reprisal that could further prevent Plaintiff from proceeding with his future endeavors and inflict further harm. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in said Complaint. See Declaration of Andrew T. Miltenberg, Esq. ("Miltenberg Decl.") attached to Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order.

    Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

**STATEMENT OF FACTS**

Plaintiff, a student at Syracuse University ("Syracuse" or "SU"), was falsely accused by fellow Syracuse student Jane Roe of sexual assault. Specifically, Roe alleged that that she had unwanted oral, vaginal, and anal sex with Plaintiff. The weight of the evidence did not support Roe's claims, however.

On September 1, 2016, Plaintiff and Roe had a sexual encounter that began in the common room of Roe's dormitory suite, where Roe verbally consented to performing, and did perform, oral sex on Plaintiff. Roe then suggested they go into her bedroom to continue their encounter in a more private space, and thereafter asked her roommates to leave the room so that she could continue engaging in sexual relations with Plaintiff. As one student witness later described it, it was "pretty clear what they were going to do and [Roe] seemed okay with it."

Roe and Plaintiff lay down on Roe's bed and removed their own clothes. They discussed having sexual intercourse, and Plaintiff said that he did not have a condom. Roe suggested that they could have sexual intercourse if Plaintiff withdrew his penis before ejaculation. Plaintiff agreed and moved on top of Roe, at which point they engaged in consensual sexual intercourse for approximately ten minutes until Plaintiff withdrew his penis so as not to ejaculate inside Roe's vagina. At no time did Roe tell Plaintiff to stop. During this time, at least one other student heard "like sex noises" coming from Roe's room, "but nothing unusual."

Afterwards, Plaintiff got dressed and Roe asked if they could exchange contact information so they could see each other again. Plaintiff and Roe kissed goodbye, and then Plaintiff left Roe's room. At no point did Plaintiff and Roe engage in anal sex. Roe texted Plaintiff the following day and invited Plaintiff back to her room, but Plaintiff had other commitments and so declined Roe's invitation. Plaintiff and Roe also saw each other socially on at least one other occasion thereafter and Roe behaved normally around Plaintiff.

On or about October 27, 2016, Roe brought a formal complaint against Plaintiff for alleged sexual misconduct. After an investigation and Conduct Board hearing, the Conduct Board concluded that two of Roe's three allegations were unsubstantiated. Specifically, the Board concluded that the oral sex Roe performed on Plaintiff in the common room was consensual, and that there was no evidence Roe and Plaintiff engaged in anal sex. Having found the majority of Roe's allegations lacking in credibility, the Board inexplicably found that one of her allegations − the claim that she had withdrawn her consent to vaginal intercourse, after initially consenting to it − was credible.

Based on this finding, Plaintiff was indefinitely suspended from SU. The suspension, and the process leading up to it, was infected with extreme gender bias and riddled with procedural errors. For example, and without limitation, Defendants:

- Failed to provide specific notice to Plaintiff of Roe's allegations against him, thereby depriving him of an opportunity to test those allegations and counter them during the proceedings, particularly as Roe's allegations changed during the course of the adjudicatory process;

- Considered evidence at the hearing that was not provided to Plaintiff prior to the hearing, including a nurse's letter that merely documented Roe's allegations and provided no medical findings or opinions;

- Employed a method of investigation and adjudication − the so-called "trauma-informed approach" − specifically designed to bolster the accounts of female accusers and rationalize their inconsistencies, to the detriment of the male accused;

- Failed to provide Plaintiff the opportunity to be heard in front of a fair and impartial tribunal;

- Failed to provide Plaintiff the opportunity to confront and cross-examine witnesses at a fair hearing;

- Arbitrarily and capriciously determined that Roe withdrew her consent to intercourse, even though Roe's two other allegations of nonconsensual contact − oral sex and anal sex − were, as the Board found, wholly unsupported by the record and not credible (or credited);

- Failed to record Roe's testimony, in direct violation of New York State law; and

- Arbitrarily and capriciously suspended Plaintiff for an indefinite period of time.

Indeed, throughout these disciplinary proceedings, Plaintiff was deprived of the most basic due process and equal protection rights and was discriminated against on the basis of his gender. Moreover, Plaintiff was deprived of the opportunity to continue his college education at SU, and of the benefits that flow therefrom. As a result of SU's unlawful actions, Plaintiff's reputation is tarnished, his educational future is uncertain, and his career prospects are likely ruined. Without appropriate redress, the unjustified decision and sanction will continue to cause irreversible damage to Plaintiff. Plaintiff thus seeks redress from this Court to undo the wrongs occasioned by Syracuse to his education and future.

In light of these facts, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym. Plaintiff is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

## **ARGUMENT**

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000). The Second Circuit has articulated a non-exhaustive list of factors for conducting this balancing test: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2)

whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. Plaintiff v. Cuomo, No. 10-CV-1534 TJM/CFH, 2013 WL 1213174, at *5 (N.D.N.Y. 2013). As outlined below, a balancing of the above-noted factors leads to the inevitable conclusion that Plaintiff must be permitted to proceed anonymously in this litigation.

    A. **The litigation involves matters that are highly sensitive and of a personal nature.**

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public humiliation. Rather, Plaintiff notes the highly sensitive nature and privacy issues that could be involved with being falsely linked to multiple instances of alleged sexual misconduct. In fact, numerous courts around the country have

5

permitted plaintiffs alleging parallel claims against colleges and universities to proceed anonymously. *See e.g.* John Plaintiff v. Columbia University and Trustees of Columbia University, 2014 WL 6471520 (S.D.N.Y. 2014); Plaintiff v. Univ. of the South, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); Plaintiff v. Univ. of Massachusetts-Amherst, 2015 WL 4306521 (D. Mass. 2015); Plaintiff v. Univ. of S. Florida Bd. of Trustees, 2015 WL 3453753 (M.D. Fla. 2015); Plaintiff v. Salisbury Univ., 2015 WL 3478134 (D. Md. 2015); Plaintiff v. Univ. of Montana, 2012 WL 2416481 (D. Mont. 2012)("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing* Plaintiffs I–XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068–69 (9th Cir.2000)). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

**B. Disclosure of Plaintiff's identity would result in significant harm to Plaintiff.**

In addition, Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identify would result in significant harm to Plaintiff, the exact type of which he seeks to remedy by the commencement of this lawsuit. Specifically, if Plaintiff were required to reveal his identity, any ultimate success in this matter would be negated by the disclosure of his name. Namely, even if he were to achieve his objective of removing the sanction from all his academic records, Plaintiff would nonetheless be significantly hindered in his ability to pursue future career and educational endeavors, including graduate studies, as any entity or employer would undoubtedly have access to the records related to the instant matter and discover that

Plaintiff was accused of sexual misconduct. It is widely known that the likelihood of acceptance as a transfer student for an undergraduate degree at an institution with a similar academic reputation, and/or to a graduate institution of high caliber, is already significantly reduced in light of the high number of applicants and stiff competition, but it is almost nil when a plaintiff must content with the social stigma associated with being found responsible and expelled for "sexual misconduct," regardless of whether the decision is ultimately overturned as a result of litigation.

Based on the foregoing, Plaintiff should be permitted to proceed anonymously, as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter: namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

**C. Defendants will not be prejudiced by allowing Plaintiff to proceed pseudonymously.**

Further, Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." Plaintiff No. 2 v. Kolko, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder defendants in any way.

### D. There is a weak public interest in knowing Plaintiff's identity.

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented (*i.e.*, Defendants violated Plaintiff's right to fair process in violation of Title IX and other federal and/or state law), there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to SU's biased and unfair investigatory process concern a larger association than the interest of an individual plaintiff; they affect the male student population at Syracuse as a whole. See Plaintiff No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

While in the past courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable, and his information accessible, via a simple online search. Thus, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded accusations as the present one. Here, if Plaintiff were required to reveal his name, even if Plaintiff were to succeed on his claims against defendants, the public's access to his identity would result in further damage to his future educational and career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action.

Thus, there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Moreover, the public's knowledge will only be minimally restricted as it will still know what is alleged to have occurred that resulted in charges of sexual

misconduct being filed, and how the defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is not a strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of defendants and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated: New York, New York**
**March 26, 2018**

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff*

**By:** */s/ Andrew T. Miltenberg*
**Andrew T. Miltenberg, Esq. (517014)**
**Stuart Bernstein, Esq. (520831)**
**Philip A. Byler, Esq. (520921)**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**sbernstein@nmllplaw.com**
**pbyler@nmllplaw.com**